```
                                                        FILED
                                                  U.S. DISTRICT COURT
                                                     AUGUSTA DIV.
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA 20 JUL 27 PM 2:35
                    AUGUSTA DIVISION
                                                  CLERK_____
                                                    SO. DIST. OF GA.
```

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.        * | CR 114-018 |
| * | |
| VARTRON MISCKO NERO * | |

### O R D E R

Defendant Vartron Miscko Nero has sent a letter to the undersigned judge that has been construed as a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). However, Defendant cannot show that he has exhausted his administrative remedies as required because the Court revoked his term of supervised release on February 24, 2020, and he is not yet in the custody of the Bureau of Prisons ("BOP"). That said, the Court will not address whether Defendant's failure to exhaust could be or even should be waived. Instead, the Court will address the merits of his request for compassionate release.

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In considering such motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The

existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, a defendant must not present a danger to the safety of any other person or the community.  Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances.  Id. n.1(A)-(C).  Defendant has not met the criteria for any of these categories.  The application note also provides a catch-all category: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with,"  the aforementioned three categories.  Id. n.1(D) (emphasis added).  The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.  In short, the Court denies Defendant's motion for compassionate release because he does not meet the specific examples of extraordinary and compelling reasons

---

[1] The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, n.1(A)(ii).  Here, Defendant has failed to satisfy his burden to show he is entitled to compassionate release because he has presented no *evidence* that he has a serious medical condition.

2

and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Upon the foregoing, Defendant Nero's motion for compassionate release (doc. no. 68) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE