IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
v.                            *      CR 114-018
                              *
VATRON MISCKO NERO            *

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Vatron Miscko Nero has filed such a motion.[1] No response from the Government is required.

The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute.

---

[1] The Court denied Defendant's previous motion for compassionate release on July 27, 2020. (Doc. No. 69.)

However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, while Defendant alleges that he exhausted his administrative remedies, he has presented no evidence of it. Accordingly, his motion is subject to dismissal.

Further, in consideration of the merits of his motion, the Court concludes that Defendant is not entitled to compassionate release. The Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[2]

---

[2] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). In this case, Defendant submits that his hypertension, asthma, and history of smoking, in conjunction with COVID-19 should he contract it, satisfy this criteria.

Defendant has not submitted any medical records to verify his medical illnesses, but the Court will nevertheless presume he suffers from these conditions. Hypertension and asthma (moderate to severe) are listed by the CDC as a condition that "might" place a person with COVID-19 "at an increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on December 27, 2020). The Court, however, cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself. Without further medical evidence that

---

in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

3

Defendant's medical circumstances are so extraordinary and compelling to justify his release, his motion must be denied.

In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. He has not done so.

Upon the foregoing, Defendant Vartron Miscko Nero's motion for compassionate release (doc. no. 70) is hereby DENIED.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE